THE STATE OF OHIO, APPELLEE, *v.* BRANCH, APPELLANT.

(No. 45149—Decided May 12, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Rick Drake,* for appellant.

JACKSON, P.J. Defendant-appellant, Willard Branch, was indicted for aggravated robbery in common pleas case No. CR-168324 on November 2, 1981. On February 16, 1982, he pled not guilty and moved for dismissal for lack of a speedy trial pursuant to R.C. 2945.71 *et seq.*

Appellant had been previously arrested and charged with receiving stolen property and carrying a concealed weapon on July 27, 1981, in case No. CR-166566. He was held in jail in lieu of bail until September 14, 1981, when he was released on bond. This occurred seventeen days prior to appellant's arrest on October 1, 1981 on the aggravated robbery charge in case No. CR-168324. No indictment was filed in case No. CR-166566. The record discloses no further journal entries in case No. CR-166566 until the court nolled the charges February 19, 1982, three days after appellant pled not guilty and moved for dismissal for lack of a speedy trial on February 16, 1982.

The speedy trial motion in case No. CR-168324 (the aggravated robbery charge) was overruled. Appellant then changed his plea in case No. CR-168324 to "guilty." The prosecutor thereupon recommended dismissal of the charges in case No. CR-166566. The court accepted appellant's change of plea, and he was convicted of aggravated robbery and sentenced to four to twenty-five years. The court further ordered, "on recommendation of [the] prosecutor," that the counts in case No. CR-166566 be dismissed for lack of prosecution.

Appellant appeals his conviction for aggravated robbery, and assigns two errors for consideration by this court.

### Assignment of Error No. 1

"The trial court erred to the prejudice of the defendant-appellant by trying the defendant for two crimes, CCW [carrying a concealed weapon] and RSP [receiving stolen property], of which the defendant was never indicted."

In his first assigned error appellant contends that he was never indicted for receiving stolen property and carrying a concealed weapon in case No. CR-166566, and consequently, he could not be tried for these offenses. He further contends that said charges could not properly be used as a basis for inducing appellant's guilty plea in case No. CR-168324.

The appellant was never tried for the charges lodged against him in case No. CR-166566. These charges were nolled. Furthermore, if appellant had a valid defense to the charges either on the merits or under the constitutional or statutory guarantees of a speedy trial, these could have been raised below. There is no merit to the first assigned error.

### Assignment of Error No. 2

"The trial court erred to the prejudice of defendant-appellant by denying the defendant's motion for dismissal for lack of speedy trial pursuant to Ohio Rev. Code Ann. Section 2945.71 (C) and (E)."

In his second assigned error, appellant contends that he was denied his right to a speedy trial, because of the failure of the trial court to bring him to trial within two hundred seventy days after his arrest. The appellant was arrested on October 1, 1981, and was not released on bond. For purposes of the Speedy Trial Act, each day the accused is incarcerated solely on the pending charge is counted as three days in computing the period of limitations, and appellant should have been tried by December 30, 1981.[1] As noted above, appellant was not brought to trial until February 19, 1982, when he pleaded guilty.

---

[1] The state contends on appeal that the triple-time provision does not apply in this case because appellant was not being held solely on the pending charge. In fact, the record indicates that between October 1 and December 30, 1981, appellant was not being held in jail on any other charges. He had been released on bond in a previous case, case No. CR-166566, on September 14, 1981, and bond was never revoked in that case. He was arrested on other charges in case Nos. 170710 and 171041 on December 31, 1981, and January 6, 1982, after speedy trial time had already expired. Thus, the state's contention is not well-taken.

The question arises, however, whether the appellant has waived his right to a speedy trial by pleading guilty. The United States Supreme Court noted in *Menna* v. *New York* (1975), 423 U.S. 61, fn. 2, at 62-63, that a plea of guilty establishes the defendant's guilt, and operates as a waiver of only those constitutional violations which pertain to the issue of factual guilt. In *State* v. *Wilson* (1979), 58 Ohio St. 2d 52, 55 [12 O.O.3d 51], the Ohio Supreme Court held that "those constitutional violations which go to the ability of the state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea."

In *State* v. *Stewart* (April 17, 1980), Cuyahoga App. Nos. 41269 to 41272, unreported, this court held that a defendant's rights under the Ohio Speedy Trial Act are constitutional, and are not waived by entering a plea of guilty, because they represent an implementation of the Sixth Amendment right of a defendant to a speedy trial. See *State* v. *Pachay* (1980), 64 Ohio St. 2d 218 [18 O.O.3d 427]. The decision in *Stewart, supra,* by this court conflicted with previous decisions and impliedly overruled several decisions which held that entry of a plea of guilty waives all claims under the Speedy Trial Act. *State* v. *Bowers* (Nov. 23, 1977), Cuyahoga App. No. 36617, unreported; *State* v. *Dunning* (July 8, 1976), Cuyahoga App. No. 35076, unreported. See, also, *State* v. *Salter* (June 10, 1982), Cuyahoga App. Nos. 44233 and 44234, unreported.

It is our considered opinion that the *Stewart* decision was incorrect, for the reason that a defendant's rights under R.C. 2945.71 *et seq.* are manifestly based upon statutory, and not constitutional, provisions. The enactment of the Speedy Trial Act by the Ohio Legislature may "implement" the constitutional guarantees of a speedy trial, but it does not supplant them, nor can the Ohio Legislature create a constitutional right through legislative action.

In *State* v. *Bound* (1975), 43 Ohio App. 2d 44 [72 O.O.2d 197], this court distinguished the statutory and the constitutional rights to a speedy trial. The statutory right, as set forth in R.C. 2945.71 *et seq.*, is specific and detailed. The constitutional right to a speedy trial involves the interplay of the following four factors: the length of the trial delay, the reason for the delay, whether the defendant requested a speedy trial, and whether he was prejudiced by the delay. *Barker* v. *Wingo* (1972), 407 U.S. 514.

The appellant has claimed only that his statutory right to a speedy trial was violated, not his constitutional right. Thus, this right was among those waived when he pled guilty to the indictment.

The decision in this case, that the appellant waived his statutory speedy trial claim by pleading guilty, is supported by all of the decisions on point reported in the Annotation, Waiver or Loss of Accused's Right to Speedy Trial (1958), 57 A.L.R. 2d 302, 343, Section 13.

The appellant's second assignment of error is overruled.

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

NAHRA and PRYATEL, JJ., concur.