JOURNAL ENTRY AND OPINION
On or about April 17, 1997, defendant-appellant Michael Carmon ("appellant") raped and murdered seventeen-year-old Katherine Boykins. The East Cleveland Police Department arrested appellant and, on April 20, 1997, appellant gave a statement to the police in which he confessed to the rape and murder of his young victim.
On June 10, 1997, the grand jury returned a four-count indictment against appellant, viz., two counts of aggravated murder in violation of R.C. 2903.01 with felony murder specifications, one count of rape in violation of R.C. 2907.02, and one count of kidnapping in violation of R.C. 2905.01. At his arraignment on June 13, 1997, appellant pleaded not guilty to the charges set forth in the indictment.
Appellant had been held in jail in lieu of bail since his arrest on April 19, 1997; therefore, pursuant to R.C. 2945.71
(E), appellant had a right to be brought to trial by July 17, 1997. On June 20, 1997, appellant signed a form waiving his constitutional right to a speedy trial. The court then conducted a hearing to ensure that the waiver was knowingly, voluntarily and intelligently executed by appellant.
On October 27, 1997, appellant retracted his former plea of not guilty and entered a plea of guilty to the charges set forth in the indictment; in exchange, the prosecution stipulated to a sentence of life without parole and appellant avoided the possibility of the death penalty. Count one and count two merged, and the court imposed consecutive prison terms of life without parole on count one, ten years imprisonment on count three, and ten years imprisonment on count four.
On October 13, 1998, appellant filed the instant appeal after obtaining leave from this court. Appellant assigns the following errors for our review:
 I. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS BY THE STATE'S FAILURE TO TIMELY COMMENCE PROSECUTION.
 II. THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT-APPELLANT'S GUILTY PLEAS AS IT WAS NOT FREELY AND VOLUNTARILY MADE.
This court finds appellant's assignments of error to lack merit and, therefore, we affirm the judgment of the trial court.
 I.
In his first assignment of error, appellant claims that he was denied his constitutional and statutory right to a speedy trial. The constitutional right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In addition, Ohio has enacted R.C. 2945.71 to 2945.73, which mandate specific time requirements for the state to bring an accused to trial.
In the instant case, appellant had been held in jail in lieu of bail since April 19, 1997. Pursuant to R.C. 2945.71 (E). the state was required to bring appellant to trial by July 17, 1997, ninety days after his arrest. On June 20, 1997, appellant waived his right to a speedy trial and, subsequently, entered a plea of guilty to the charges against him.
As an initial matter, we note that a plea of guilty waives a defendant's right to challenge his conviction on statutory speedy trial grounds. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus. Appellant entered a plea of guilty and, therefore, waived his statutory right to be brought to trial within ninety days under R.C. 2945.71 (E). However, appellant's constitutional rights to a speedy trial were not waived by his guilty plea. See State v. Branch (1983), 9 Ohio App.3d 160, 162.
The statutory time requirements of R.C. 2945.71 to 2945.73 are not relevant to a determination of whether a defendant's constitutional right to a speedy trial has been violated by an unjustified delay in prosecution. Instead, courts should employ the balancing test enunciated by the United States Supreme Court in Barker v. Wingo (1972), 407 U.S. 514, 530-33, under which the following factors are weighed: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. No single factor is "* * * either a necessary or sufficient condition to the finding of a deprivation to the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Barker, at 533.
In this case, the delay between appellant's arrest and his arraignment was less than two months; the state does not offer a justification for this delay. Although appellant asserted his right to a speedy trial, he did so at the hearing in which he waived that right. In addition, appellant has failed to demonstrate that the delay caused any cognizable prejudice to his defense. Under these circumstances, we find that appellant's constitutional right to a speedy trial was not violated.
Moreover, appellant waived his right to a speedy trial in the instant case. A defendant can waive the right to a speedy trial; however, the waiver must be done knowingly, voluntarily and intelligently. State v. Adams (1989), 43 Ohio St.3d 67, 69. In order for a waiver to be entered knowingly, voluntarily and intelligently, the defendant must understand the nature of the charges against him. Id. The defendant must also know what is being waived as well as the extent of the waiver. Id.
In the case sub judice, appellant and his counsel signed a written waiver of speedy trial on June 20, 1997. The trial court then conducted a hearing to ensure that the waiver was constitutionally valid. The trial court informed appellant he had the right to a speedy trial and, therefore, the state was required to bring him to trial by July 17, 1997, unless he waived that right. The trial court also inquired into whether appellant understood his right to a speedy trial and whether any threats or promises were made to appellant to induce him to sign the waiver. By all indications, appellant knowingly, voluntarily and intelligently waived his right to a speedy trial.
The crux of appellant's argument is that his attorneys were not left with enough time to prepare for his trial because of the two-month delay between his arrest and the indictment and, therefore, his only option was to waive his right to a speedy trial. Appellant insists that his waiver was not voluntary under these circumstances.
After reviewing the record, we disagree with appellant's contention. Appellant could have requested a trial by July 17, 1997, and then requested a continuance if his attorneys needed additional time to prepare his defense. Instead, appellant and his attorneys decided to waive his right to a speedy trial. This was a purposeful trial tactic freely chosen by appellant and his attorneys. As such, we find that appellant knowingly, voluntarily and intelligently waived his right to a speedy trial. Accordingly, appellant's first assignment of error is overruled.
 II.
As for his second assignment of error, appellant contends that his guilty plea was not knowingly, willingly and voluntarily made. The record indicates that appellant failed to file a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 or otherwise raise this challenge at the trial court level; instead, appellant raises this challenge for the first time on appeal.
This court has consistently held that the failure to file a Crim.R. 32.1 motion or otherwise challenge a guilty plea at the trial level constitutes waiver of the issue on appeal. See e.g.,State v. Betances (July 10, 1997), Cuyahoga App. No. 70786, unreported; State v. Stokes (Mar. 7, 1996), Cuyahoga App. No. 69032, unreported. Notwithstanding, this court will review this case for plain errors or defects affecting substantial rights pursuant to Crim.R. 52 (B). State v. Tisdale (Dec. 17, 1998), Cuyahoga App. No. 74331, unreported; State v. Leon (Mar. 12, 1998), Cuyahoga App. No. 72407, unreported.
The plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice. State v. Cooperrider (1983), 4 Ohio St.3d 226, 227. Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. Id.
Prior to accepting a guilty plea, the trial court must inform the defendant of his constitutional rights, including: (1) theFifth Amendment privilege against compulsory self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; and (4) the right of compulsory process of witnesses. See State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. In addition to these constitutional guarantees, the trial court must satisfy the requirements of Crim.R. 11 (C).
Crim.R. 11 (C) (2) provides:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be to testify against himself or herself.
Crim.R. 11 (C) (1) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his guilty plea. State v. Caudill (1976), 48 Ohio St.2d 342, paragraph two of the syllabus. The acceptance of a guilty plea by the trial court will be affirmed on appeal so long as the reviewing court determines that the trial court substantially complied with the requirements of Crim.R. 11. See State v.Stewart (1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108. A criminal defendant who challenges his plea of guilty on the basis that it was not knowingly, intelligently and voluntarily made must show prejudicial effect, i.e., that the guilty plea would not have otherwise been made. Id.
A review of the transcript demonstrates that the trial court painstakingly informed appellant of his constitutional rights and fully complied with the requirements of Crim.R. 11 (C) in an exhaustive soliloquy. The trial court's dialogue with appellant was thorough and, by all indications, appellant understood the implications of his plea and the rights he was waiving.
Based upon the foregoing, we find that the trial court did not commit plain error in accepting appellant's guilty plea. Appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and
TERRENCE O'DONNELL, J. CONCUR.
 ______________________________ LEO M. SPELLACY JUDGE