[Cite as *State v. Parker*, 2012-Ohio-4741.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97841**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# COREY PARKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549438

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: Erika B. Cunliffe
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, OH  44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Ma'rion D. Horhn
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH  44113

SEAN C. GALLAGHER, J.:

{¶1} This appeal is a companion case arising out of the same events as contained in *State v. Carrington*, 8th Dist. No. 97769.

{¶2} Defendant-appellant, Corey Parker, appeals from the sentence imposed by the trial court following the entry of a guilty plea to aggravated robbery, with notice of prior conviction, and having weapons while under disability. For the following reasons, we affirm Parker's sentence.

{¶3} On April 16, 2011, Parker drove two codefendants, Emmanuel Scott and Antwon Carrington, to a pet store located on Cleveland's east side. Scott and Carrington entered the store to commit a robbery while Parker remained in the car. There was an exchange of gunfire in the store, and Scott received a nonfatal gunshot wound. He returned to the car, and Parker drove him to the emergency room at Cleveland Clinic. After the police identified Parker from video footage at the clinic, they arrested Parker, Scott, and Carrington.

{¶4} Parker was indicted on May 12, 2011, along with Scott and Carrington, and charged with Count 1, aggravated robbery; Count 2, aggravated burglary; Counts 3 through 5, kidnapping; Counts 6 through 8, felonious assault; Count 9, carrying a

concealed weapon; Count 10, having weapons while under disability; and Count 11, theft. Counts 1 through 8 included one-year and three-year firearm specifications. Counts 1 through 8 also included a notice of prior conviction specification under R.C. 2929.13(F)(6), a delinquency adjudication in juvenile court for felonious assault, and a repeat violent offender specification under R.C. 2941.149(A).

{¶5} Parker pleaded guilty on September 21, 2011, to aggravated robbery, a first-degree felony, and having weapons while under disability, a third-degree felony. In exchange for Parker's agreement to cooperate with the police and testify against Scott and Carrington, the state dismissed all other charges and specifications excluding the one reflecting notice of prior conviction. The trial court sentenced Parker on November 30, 2011, to eight years in prison with five years of postrelease control.

{¶6} Parker timely appealed and sets forth two assignments of error. In his first assignment of error, he asserts that because R.C. 2901.08 equates a prior juvenile delinquency adjudication with a criminal conviction for purposes of enhancing a subsequent conviction, the statute violates rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution along with parallel rights under the Ohio Constitution. In his second assignment of error, Parker asserts that his sentence is disproportionate to those of Scott and Carrington. Upon a review of the record, we find Parker's arguments have no merit.

**{¶7}** Initially, the state cites *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), in its appellate brief, but does not discuss its relevance to Parker's appeal. Parker failed to raise in the trial court the issue of the constitutionality of R.C. 2901.08. Generally, a defendant waives constitutional issues apparent at the time of trial if not then brought to the attention of the court. *State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, 916 N.E.2d 775, ¶ 14, citing *Awan* at syllabus. We, however, choose to exercise our discretion in this case and review the issue because of the rights and interests impacted potentially by R.C. 2901.08. *See In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988). *See also* Crim.R. 52(B); *State v. McCullen*, 8th Dist. Nos. 97475 and 97476, 2012-Ohio-2629.

**{¶8}** The state also argues that Parker's entry of a guilty plea to the aggravated robbery and the prior conviction precludes him from raising the constitutionality of R.C. 2901.08 as an issue in this appeal. We reject this argument by the state as well.

**{¶9}** In *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the United States Supreme Court held that where a defendant pleads guilty with the advice of counsel, he or she may not later claim a violation of constitutional rights that occurred prior to the plea. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927. However, the United States Supreme Court noted in *Menna v. New York*, 423 U.S. 61, fn. 2 at 62-63, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), that a plea of guilty establishes the defendant's guilt, and operates as a waiver of only those

constitutional violations that pertain to the issue of factual guilt. In *State v. Wilson*, 58 Ohio St.2d 52, 55, 388 N.E.2d 745 (1979), the Ohio Supreme Court held that "those constitutional violations which go to the ability of the state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea." *See State v. Branch*, 9 Ohio App.3d 160, 458 N.E.2d 1287 (8th Dist.1983).

{¶10} The United States Supreme Court thereby distinguished constitutional violations that go to factual guilt from constitutional violations that relate to the validity of the statute relied on by the state to convict a defendant. *Id.* A defendant such as Parker may, therefore, raise those constitutional violations that go to the state's ability to prosecute, regardless of factual guilt, in an appeal from a guilty plea. *Id.* at paragraph one of the syllabus. Parker argues that because R.C. 2901.08 is unconstitutional and thus invalid, the state may not rely on the statute to enhance the penalty for a subsequent conviction as an adult regardless of his guilt of an offense as a juvenile.

{¶11} A juvenile court proceeding is a civil action, *In re Anderson*, 92 Ohio St.3d 63, 2001-Ohio-131, 748 N.E.2d 67, syllabus; and juveniles are "adjudicated delinquent" rather than "found guilty," *State v. Hanning*, 89 Ohio St.3d 86, 89, 2000-Ohio-436, 728 N.E.2d 1059. Although Ohio juvenile proceedings do not result in criminal convictions, effective January 1, 1996, R.C. 2901.08 includes prior juvenile adjudications as previous convictions for purposes of enhancement of subsequent charges. The statute provides as follows:

> (A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.

R.C. 2901.08(A).

{¶12} In *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, the Ohio Supreme Court considered the constitutionality of R.C. 2901.08. Although Adkins's arguments related to the unconstitutional retroactivity of the statute, and Parker's arguments relate to the rights to due process and equal protection, and the right to a jury trial, we find influential to our decision in this case the reasoning enunciated by the *Adkins* court in rendering its decision that R.C. 2901.08 is not unconstitutionally retroactive.

{¶13} The *Adkins* court found that Adkins was punished for his current offense, and not a previous juvenile adjudication. *Id*. at ¶ 15. As the United States Supreme Court has held,

> When a defendant is given a higher sentence under a recidivism statute — or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history — 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's "status as a recidivist." The sentence "is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive

one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).

*Id.*, quoting *United States. v. Rodriquez*, 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008).

{¶14} The *Adkins* court noted further that Adkins's juvenile disposition remains untouched:

> "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction."

{¶15} *Adkins* at ¶ 16, quoting *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). R.C. 2901.08 does not require any change to Adkins's juvenile record because that record is unaffected. In other words, his juvenile adjudication is equivalent to a "conviction for a violation of the law or ordinance" for purposes of criminal-enhancement statutes, but it remains a juvenile adjudication. *Id.* at ¶ 19.

{¶16} The same holds true here. The use of the prior juvenile adjudication under R.C. 2901.08 did not change Parker's juvenile record. It merely enhanced the sentence imposed by the trial court for the subsequent conviction of aggravated robbery committed by Parker as an adult.

{¶17} Parker nonetheless argues that despite the express language of R.C. 2901.08, juvenile adjudications are not "convictions" under Ohio law and do not,

therefore, fall within the "prior convictions" exception under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Blakely*, the United States Supreme Court examined the rule announced in *Apprendi*. *Apprendi* establishes an adult criminal defendant's general right, under the Fifth, Sixth, and Fourteenth Amendments, to a jury finding beyond reasonable doubt of any fact used to increase the sentence for a felony conviction beyond the maximum term permitted by conviction of the charged offense alone. *Apprendi* at 490.

**{¶18}** Juvenile delinquents, however, do not serve sentences; rather, the court imposes a disposition intended to rehabilitate the child, not to punish him or her. *See* R.C. 2152.01(A). In light of the fact that juvenile offenders are not punished, the state is relieved of the need to afford them the right to a jury trial because the Sixth Amendment does not guarantee a jury trial for juvenile offenders. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 42; *In re Agler*, 19 Ohio St.2d 70, 77-78, 249 N.E.2d 808 (1969). *See also* R.C. 2151.35(A)(1).

**{¶19}** Because there is no constitutional right to a jury trial in juvenile adjudications, federal defendants have challenged the constitutionality of the Armed Career Criminal Act ("ACCA"). The ACCA requires imposition of a minimum 15-year term of imprisonment for unlawful possession of a firearm in violation of 18 U.S.C.

922(g) by an individual with three prior serious drug or violent felony convictions. 18 U.S.C. 924(e). The ACCA defines "conviction" to include a "finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. 924(e)(2)(C).

{¶20} In construing the ACCA, the federal circuits are split on whether juvenile adjudications fall within the *Apprendi* prior-conviction exception. The majority of circuits, including the Sixth Circuit, found that juvenile adjudications come within the exception, and may be used to enhance adult sentences, even though they were not presented to a jury. *See United States v. Matthews*, 498 F.3d 25, 34 (1st Cir.2007); *United States v. Jones*, 332 F.3d 688, 696 (3d Cir.2003); *United States v. Wright*, 594 F.3d 259 (4th Cir.2010); *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir.2007); *Welch v. United States*, 604 F.3d 408, 426 (7th Cir.2010); *United States v. Smalley*, 294 F.3d 1030, 1033 (8th Cir.2002); *United States v. Burge*, 407 F.3d 1183, 1190-1191 (11th Cir.2005).

{¶21} In *Crowell*, Crowell asserted that, even if the court found he had a juvenile adjudication for a "violent felony," using that finding as a predicate offense for purposes of the ACCA violates due process and runs afoul of *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348. *Crowell* at 749. Crowell contended that a prior juvenile, nonjury adjudication does not qualify as a "prior conviction" for purposes of the *Apprendi* exception, and

therefore such an adjudication cannot later be used for sentencing "without affording the defendant *Apprendi* rights." *Id.*

**{¶22}** The Sixth Circuit in *Crowell* held that the use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process. *Id.* at 750. Congress has the power "'to treat prior convictions as sentencing factors subject to a lesser standard of proof because the defendant received all process that was due when convicted — for adults that includes the right to a jury trial; for juveniles, it does not.'" *Id.*, quoting *Jones*, 332 F.3d 688, 695 (finding juvenile adjudications qualify as ACCA predicates so long as they meet the due process requirements for juvenile proceedings); *Smalley*, 294 F.3d 1030, 1032-1033 (same).

**{¶23}** Rather than relying on the "narrow parsing of words" that would create a bright-line rule whereby proof beyond a reasonable doubt, fair notice, and a right to a jury trial are all required procedural safeguards that must be present before qualifying for the *Apprendi* exception, a court should instead consider "'the reality of the actual juvenile adjudications to determine whether they are sufficiently reliable so as to not offend constitutional rights if used to qualify for the *Apprendi* exception.'" *Crowell,* 493 F.3d at 750, quoting *Jones* at 696. The Sixth Circuit, therefore, joined the Third, Eighth, and Eleventh Circuits in finding that the imposition of a sentence enhancement under the ACCA based on a defendant's juvenile adjudication without a jury trial does not violate

the defendant's due process rights or run afoul of *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348. *Crowell*, 493 F.3d at 750.

**{¶24}** Here, there is no indication that Parker was not afforded appropriate due process in his juvenile adjudication. Further, Parker's juvenile adjudication required a finding of proof beyond a reasonable doubt. R.C. 2151.35(A)(1). Juvenile adjudications, where the defendant has certain due process rights, provide sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of *Apprendi*. *Crowell* at 750. *See In re Ravanna T.*, 6th Dist. No. L-96-371, 1997 Ohio App. LEXIS 3370 (Aug. 1, 1997); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

> [T]he Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi*, do not preclude the sentence-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial.

*People v. Nguyen*, 46 Cal.4th 1007, 1019, 95 Cal.Rptr.3d 615, 209 P.3d 946 (2009).

**{¶25}** We likewise conclude that the imposition of a sentence enhancement under R.C. 2901.08 based on a juvenile defendant's nonjury trial adjudication does not violate the defendant's due process rights or run afoul of *Apprendi*. We, therefore, find that the trial court did not violate Parker's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments by imposing an enhancement under R.C. 2901.08 based on his juvenile adjudication.

**{¶26}** Parker's first assignment of error is accordingly overruled.

**{¶27}** In his second assignment of error, Parker asserts that his sentence is disproportionate to that of Scott and Carrington. A defendant must raise this issue before the trial court and present some evidence, however minimal, in order to preserve the issue for appeal. *State v. Storey*, 8th Dist. No. 97741, 2012-Ohio-3155, ¶ 10, citing *State v. Bronczyk*, 8th Dist. No. 96326, 2011-Ohio-5924, and *State v. Cole*, 8th Dist. No. 93271, 2010-Ohio-3408. Parker did not raise in the trial court the issue of his sentence being disproportionate to other offenders with similar records who committed the same offense, including Scott and Carrington.

**{¶28}** Because we do not find plain error under Crim.R. 52(B), Parker's second assignment of error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR