[Cite as *State v. Yonkings*, 2013-Ohio-1890.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98632**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES YONKINGS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555013

**BEFORE:**   Kilbane, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   May 9, 2013

**APPELLANT**

Charles Yonkings, pro se
Inmate Number 630-332
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Katherine Mullin
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Charles Yonkings (Yonkings), pro se, appeals his convictions and sentence after pleading guilty to involuntary manslaughter and aggravated robbery, with a notice of prior conviction specification and a repeat violent offender specification. For the reasons set forth below, we affirm.

{¶2} In October 2011, Yonkings was charged with attempted murder, aggravated robbery, with a notice of prior conviction specification and a repeat violent offender specification, and grand theft. Pursuant to a plea agreement, Yonkings pled guilty to an amended count of involuntary manslaughter and aggravated robbery, with the notice of prior conviction specification and repeat violent offender specification. The remaining charge, grand theft, was nolled. The plea was conditioned upon an agreed sentence of 30 years in prison, and both the state and defense counsel stipulated that the involuntary manslaughter and aggravated robbery convictions are not allied offenses of similar import. The trial court found that the involuntary manslaughter and aggravated robbery convictions are not allied offenses of similar import and the facts and circumstances of the case justified the imposition of a consecutive, maximum sentence. As a result, the trial court sentenced Yonkings to the agreed aggregate sentence of 30 years in prison, ordering 10 years for the involuntary manslaughter, 10 years for the aggravated robbery, and 10 years for the repeat violent offender specification.

{¶3} Yonkings now appeals, raising the following four assignments of error for review.

## Assignment of Error One

The trial court committed plain error to the prejudice of [Yonkings] in imposing multiple sentences for allied offenses of similar import.

## Assignment of Error Two

[Yonkings] was denied his right to the effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution.

## Assignment of Error Three

The trial court erred by purporting not to merge [Yonkings's] aggravated robbery and involuntary manslaughter counts through the imposition of consecutive sentences.

## Assignment of Error Four

The trial court violated [Yonkings's] right to a speedy trial.

## Merger of Allied Offenses

{¶4} In the first assignment of error, Yonkings argues that his involuntary manslaughter and aggravated robbery convictions should have merged because these offenses were a single event and were committed by the same conduct and animus. However, Yonkings entered into an agreed sentence and defense counsel stipulated that involuntary manslaughter and aggravated robbery convictions are not allied offenses of similar import. At the guilty plea hearing, the trial court had the following discussion with defense counsel:

> THE COURT: Before you begin whatever presentation you have planned, Mr. DeFranco and Mr. Buckley, do you agree that counts one and two are not allied offenses of similar import?
>
> MR. DEFRANCO: Yes.

THE COURT: And do you agree that the facts and circumstances in this case justify the imposition of consecutive sentences?

MR. DEFRANCO: Yes.

THE COURT: And do you agree that the facts and circumstances in this case, while — can justify the imposition of maximum sentences?

MR. DEFRANCO: Yes, your Honor.

{¶5} In *State v. Ward*, 8th Dist. No. 97219, 2012-Ohio-1199, ¶ 20, we held that when the transcript demonstrates the state and defense counsel agreed that the offenses were not allied, the issue of allied offenses is waived. We acknowledged the Ohio Supreme Court's decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, but distinguished the circumstances in *Ward* because that "plea agreement [was] not silent as to the issue of allied offenses. The transcript clearly show[ed] that the State and defense counsel agreed that the offenses were not allied."[1] *Id.* at ¶ 20. The trial court had the following discussion in *Ward*:

> THE STATE: So for the record, Your Honor, we would — Also, the State would submit these are not allied offenses. You would have discretion whether or not to impose consecutive sentences for each of these counts.
>
> THE COURT: Mr. Haller [defense counsel], do you agree they're not allied offenses?
>
> DEFENSE COUNSEL: May I have a moment, Your Honor? Yes, Your Honor.

---

[1]The *Underwood* court stated: "[w]hen the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Id.* at ¶ 29.

*Id*. at ¶ 18.

{¶6}   Similarly, in the instant case, the plea agreement is not silent as to the issue of allied offenses.   The transcript clearly shows that defense counsel agreed that the offenses were not allied.   Therefore, this issue is waived.

{¶7}   Accordingly, the first assignment of error is overruled.

<u>Ineffective Assistance of Counsel</u>

{¶8}   In the second assignment of error, Yonkings argues defense counsel was ineffective for failing to seek merger of allied offenses.   To demonstrate ineffective assistance of counsel in the context of guilty pleas, "[1] the defendant must show that counsel's performance was deficient [and] * * * [2] there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]"   (Citations omitted.)   *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶9}   Yonkings claims that he would not have agreed to the stipulation that the offenses are not allied and defense counsel would not have advised to agree to the stipulation if "the conduct and necessary details [had] been before the trial court."   As a result, he argues that "the outcome of the proceedings would have been different due to the fact that the sentence would have been not more than twenty years."   This alleged deficiency, however, does not satisfy Yonkings's burden that but for this error, he would not have pled guilty.

{¶10} In *Underwood*, the court noted that "nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were

committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id*. at ¶ 29. Here, Yonkings was originally charged with aggravated murder and faced life in prison. Defense counsel secured a plea agreement with an agreed sentence of 30 years in prison. This agreed sentence was contingent upon a stipulation that the offenses are not allied offenses of similar import. As a result, it cannot be said that but for this error, Yonkings would not have pled guilty.

{¶11} Therefore, the second assignment of error is overruled.

## Consecutive Sentence

{¶12} In the third assignment of error, Yonkings argues that he should not have been sentenced consecutively because the court erroneously relied on the stipulation that the involuntary manslaughter and aggravated robbery convictions are allied offenses. By virtue of the plea agreement, however, Yonkings stipulated that these offenses are not allied and agreed to a sentence of 30 years in prison. Thus, as we stated in the first assignment of error, Yonkings waived this issue.

{¶13} Accordingly, the third assignment of error is overruled.

## Speedy Trial

{¶14} In the fourth assignment of error, Yonkings argues that his right to a speedy trial was violated and that his convictions should be reversed. In *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991), the Ohio Supreme Court reaffirmed "that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds[.]" The court noted:

In discussing a defendant's speedy trial rights, this court in *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581, held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *See*, *also*, *Partsch v. Haskins* (1963), 175 Ohio St. 139, 141, 23 O.O. 2d 419, 420, 191 N.E.2d 922, 923 ("even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial"); *State v. Branch* (1983), 9 Ohio App.3d 160, 9 OBR 226, 458 N.E. 2d 1287.

{¶15} Therefore, by pleading guilty, Yonkings waived his right to challenge his convictions on speedy trial grounds.

{¶16} Accordingly, the fourth assignment of error is overruled.

{¶17} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR