[Cite as *State v. Davis*, 2014-Ohio-4212.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100849

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES DAVIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED IN PART, MODIFIED IN PART, REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574488-A

**BEFORE:** Rocco, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

-i-

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Paul Kuzmins
         Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Erin Stone
         Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant James Davis appeals from the sentence imposed on him after he entered guilty pleas to one count of attempted aggravated arson with a notice of prior conviction and to three counts of criminal child enticement.

{¶2} Davis presents three assignments of error. He claims that: (1) the trial court's justification for imposing a maximum prison term for his attempted aggravated arson conviction has no basis in fact; (2) the use of a notice of prior conviction to enhance his sentence was unconstitutional because it refers to a juvenile adjudication; and, (3) the trial court lacked authority to order that he have no contact with the victims.

{¶3} This court cannot agree with Davis's first two claims. However, this court has previously determined that the claim Davis makes in his third assignment of error has merit. Therefore, Davis's sentence is affirmed in part and modified in part, and this case is remanded to the trial court to issue a corrected journal entry of sentence.

{¶4} Davis was indicted in this case on thirteen counts. He was charged with nine counts of aggravated arson, one count of unlawful possession of a dangerous ordnance, to wit: a Molotov cocktail, and three counts of criminal child enticement. Each of Counts 1 through 9 contained a notice of prior conviction for Davis's "convict[ion for] Aggravated Arson * * * in the Mahoning County Court of Common Pleas Juvenile Division, [Case No.] 2008-JA-00365 * * *." Davis pleaded not guilty to the charges.

{¶5} After a period of discovery, Davis agreed to accept the state's plea offer.  As outlined by the prosecutor, the state would amend Count 1 to add the attempt statute and all nine victims and would dimiss the remaining counts in exchange for Davis's guilty plea to the amended Count 1 and to the three counts of criminal child enticement.  The prosecutor specified that the notice of prior conviction would remain in the amended Count 1.

{¶6} The trial court conducted a thorough Crim.R. 11 hearing.  Prior to asking Davis for his guilty pleas, the trial court requested Davis to acknowledge that the notice of prior conviction in the amended Count 1 was for his 2008 "conviction" in the Mahoning County juvenile court.  Defense counsel stipulated to that adjudication, but "objected for the record to the terminology it's in.  It's inappropriate.  It's incorrect. It's not necessary."

{¶7} After accepting Davis's guilty pleas and dismissing the remaining counts, the trial court found Davis guilty of the four charges.  The trial court then referred Davis for both a presentence investigation report and a psychiatric assessment.  When the case was called for sentencing, the trial court noted that it had received both reports.

{¶8} The prosecutor outlined the facts underlying Davis's convictions by explaining that Davis instructed three juveniles between the ages of 8 and 10  on "how to make a Molotov cocktail, [Davis] walked to a vacant house, gave a lighter to the 8-year-old, who lit the Molotov cocktail that the 10-year-old brother was holding, and

then [Davis] told the 10-year-old to throw it on the back porch."[1] The prosecutor stated that the fire caused "extreme damage" to the vacant house and also damaged the house next door, in which six people were present at the time.

{¶9} In speaking on his client's behalf, Davis's counsel conceded that Davis's actions had "the potential for harm here not only to those other kids, but to the people in the neighborhood * * * ." Defense counsel, however, directed the trial court's attention to the psychological assessment, and noted that the doctor who examined Davis indicated Davis met "the diagnostic criteria for post traumatic stress disorder," which led him to "get angry and become[ ] involved in physical altercations."

{¶10} In pronouncing sentence, the trial court noted the "purposes and principles of felony sentencing," then looked at Davis's "criminal history," beginning in 2008 with a "delinquency adjudication for aggravated arson," 2010 convictions for aggravated menacing and assault, failures to comply with terms of probation, a 2011 conviction for obstructing official business, and a conviction for criminal mischief, with another failure to comply with terms of probation. The court also noted that the fire created by throwing a Molotov cocktail into a vacant house could have spread even further than it did, thus injuring or possibly killing others.

{¶11} Based upon the serious nature of the offenses, the trial court imposed a term of eight years on Count 1; the sentence on Count 1 was to be served concurrently with

---

[1] The quote is taken *verbatim* from the transcript of Davis's sentencing hearing; the mistakes in punctuation are the court reporter's.

concurrent terms of six months for each of the criminal child enticement counts. In its journal entry, the trial court also included a "notice" to the Ohio Department of Rehabilitation and Correction that Davis should have "no contact with victim(s)."

**{¶12}** Davis appeals from his sentence with three assignments of error.

I. The imposition of the maximum term of incarceration is clearly and convincingly contrary to law where the trial court relied on aggravating factors not supported in the record.

II. R.C. 2929.13(F)(6) and R.C. 2901.08 are unconstitutional as it [sic] is applied to the Appellant where the statute [sic] permits a juvenile adjudication to enhance the penalty for the Appellant's underlying adult convictions.

III. The trial court erred in ordering the Appellant to have no contact with the victim [sic] during Appellant's incarceration.

**{¶13}** Davis argues in his first assignment of error that his sentence must be reversed because the trial court's three primary underlying justifications for imposing the maximum term on Count 1, i.e., the economic harm suffered by the victims, Davis's criminal history, and the possibility of physical harm to persons in the neighborhood, are unsupported in the record. This court finds Davis's argument unpersuasive.

**{¶14}** Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate the sentence and remand the matter to the sentencing court for resentencing only if the appellate court "clearly and convincingly finds" that the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considered the purposes and principles of R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied

postrelease control, and imposed a sentence within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶15}** A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). Moreover, a sentencing court has "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Therefore, "the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶34 (11th Dist.).

**{¶16}** In this case, the record indicates the trial court gave due consideration to the germane statutory factors. The trial court was aware of the surrounding circumstances of the incident and of Davis's mental problems.

**{¶17}** This court declines to second-guess the trial court's assessment that the prosecutor's report of considerable damage to the unoccupied house and additional damage to the occupied house constituted "serious" economic harm. Similarly, the trial court's review of Davis's criminal history and his tendency to commit crimes that caused physical harm provided a reasonable basis to assume Davis required a stern punishment for these latest offenses.[2] Finally, defense counsel conceded that demonstrating how to

---

[2] In this context, this court notes that a month prior to Davis's juvenile adjudication, Davis's older brother Michael set a house fire that resulted in Michael's convictions on six counts of aggravated murder and 19 counts of aggravated arson. *State v. Davis*, 7th Dist. Mahoning No. 08 MA 236, 2011-Ohio-292. Michael's accelerant of choice apparently was the Molotov cocktail.

create a Molotov cocktail and then encouraging others to throw it into a vacant house were actions that had the potential to jeopardize lives in the neighborhood.

**{¶18}** The trial court, therefore, did not abuse its considerable discretion in sentencing Davis to the maximum term for his conviction for attempted aggravated arson. Davis's first assignment of error is overruled.

**{¶19}** In his second assignment of error, Davis argues that R.C. 2901.08(A) is unconstitutional.[3] Davis, however, never raised the issue in the trial court, thus, this court declines to address it in this appeal. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), at the syllabus.

**{¶20}** Davis argues in his third assignment of error that the trial court lacked the authority to order that he have "no contact" with the victims in the journal entry of sentence. This issue currently is pending before the Ohio Supreme Court in *State v. Anderson*, 2014-Ohio-2725. Until the Ohio Supreme Court decides the issue, this court will continue to follow its own precedent as set forth in *State v. Rogers*, 8th Dist.

---

*Id.* at ¶ 92. The detective who investigated those crimes testified that Michael's brothers "Scott and James, had been suspects in a previous arson in the neighborhood." *Id.* at ¶ 23. This information came from a neighbor, Enrique Ayala, who testified that three weeks prior to the arson in question, the Davis brothers "set a fire on his front porch." *Id.* at ¶ 55. At the sentencing hearing, defense counsel stated that the report from the court psychiatric clinic opined that Davis suffered from various psychological disorders "associated with witnessing a house fire that was deliberately started by his older brother and which killed six of his neighbors." One wonders whether this assessment would have been affected had the clinic been aware of all of the circumstances of Michael Davis's case.

[3]*But see State v. Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741, *discretionary appeal not allowed*, *State v. Parker*, 134 Ohio St.3d 1471, 2013-Ohio-553, 983 N.E.2d 370.

Cuyahoga Nos. 97093 and 97094, 2012-Ohio-2496, ¶ 34, and *State v. Holly*, 8th Dist. Cuyahoga No. 95454, 2011-Ohio-2284, ¶ 21.   Because this court has determined that the trial court cannot issue a "no contact" order when imposing a prison sentence, Davis's third assignment of error is sustained.   *Id.* at ¶ 22-23.

{¶21} Consistent with authority bestowed by R.C. 2953.08(G), this court vacates that portion of Davis's sentence.   *Id.* The remainder of Davis's sentence is affirmed in its entirety.

{¶22} Davis's sentence is affirmed in part and modified in part, and this case remanded for the trial court to correct the sentencing journal entry to eliminate the indefinite "no contact" order.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for correction and for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE
FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR