The **STATE** of Ohio, Appellee,

v.

**PRETHER**, Appellant.

[Cite as *State v. Prether* (2001), 141 Ohio App.3d 6.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2000 CA 59.

Decided Jan. 5, 2001.

*Robert K. Hendrix,* Greene County Assistant Prosecuting Attorney, for appellee.

*Thomas G.E. Mathewson,* for appellant.

WOLFF, Judge.

Chad David Prether was adjudicated a habitual sex offender. On appeal, he assigns a single error as follows:

"The trial court erred to the prejudice of the appellant in finding the appellant a habitual sexual offender pursuant to ORC 2950.09 when the appellant had never been previously convicted of a sexually oriented offense."

Prether was indicted for and pleaded guilty to corruption of a minor, a felony of the fourth degree and a sexually oriented offense. This was apparently Prether's first adult offense. In 1994, Prether had been adjudicated as a delinquent on account of attempted rape and gross sexual imposition, which are sexually oriented offenses. R.C. 2950.01(D).

The issue on appeal is whether an adjudication of juvenile delinquency, which was based on a sexually oriented offense, qualifies as a prior conviction for purposes of determining whether a defendant is a habitual sex offender. We believe that the answer is "No."

"Habitual sex offender" is defined as "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." R.C. 2950.01(B).

Except in limited situations not embraced by R.C. 2151.358(H), juvenile delinquency adjudications are not considered convictions:

"The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication. And no child shall be charged with or convicted of a crime in any court except as provided by this chapter. The disposition of a child under the judgment rendered or any evidence given in court shall not operate to disqualify a child in any future civil service examination, appointment, or application. Evidence of a judgment rendered and the disposition of a child under the judgment is not admissible to impeach the credibility of

the child in any action or proceeding. Otherwise, the disposition of a child under the judgment rendered or any evidence given in court is admissible as evidence for or against the child in any action or proceeding in any court in accordance with the Rules of Evidence and also may be considered by any court as to the matter of sentence or to the granting of probation, and a court may consider the judgment rendered and the disposition of a child under that judgment for purposes of determining whether the child, for a future criminal conviction or guilty plea, is a repeat violent offender, as defined in section 2929.01 of the Revised Code."

The state counters Prether's contention with R.C. 2901.08:

"If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea."

By its terms, R.C. 2901.08 does not apply to the situation before us. This section merely permits juvenile delinquency adjudications to be used in considering the crime to be charged or the sentence to be imposed. Classification as a sexual offender is neither a crime nor a sentence. Indeed the sexual offender classification statute has been held to be civil in nature. See *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. Although the state makes a good argument by way of analogy on the basis of R.C. 2901.08 that a juvenile delinquency adjudication based on a sexually oriented offense may properly serve as the predicate conviction for habitual sex offender classification, we believe that the analogy must yield to the plain language of the section, which is not concerned with sexual offender classification. See, also, R.C. 2901.04.

If the legislature wishes juvenile adjudications to serve as predicate convictions for habitual sex offender classification purposes, it should so provide with specific legislation to that effect.

That portion of the judgment that finds Prether to be a habitual sexual offender will be reversed, and the matter will be remanded to the trial court for the purpose of its vacating that finding. In all other respects, the judgment will be affirmed.

*Judgment reversed in part*
*and affirmed in part.*

GRADY, P.J., and KERNS, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.