OPINION
{¶ 1} A.S., a minor, appeals in these consolidated cases from a domestic violence adjudication and commitment, and from an order finding A.S. delinquent for a probation violation. *Page 2 
 {¶ 2} A. S. contends that the trial court erred by applying the felony enhancement provision in R.C. 2919.25 to a juvenile charged with domestic violence in juvenile court. A.S. further contends that he was deprived of his right to the effective assistance of counsel when trial counsel failed to argue that R.C. 2919.25's felony enhancement provision does not apply to juveniles, failed to object to the trial court's adjudication of delinquency for a felony-level offense, and failed to file objections to the magistrate's decision finding A.S. delinquent of a felony-level domestic violence offense.
 {¶ 3} We disagree, based on our recent decision in the case of In reM.A.L., Miami App. No. 06-CA-36, 2007-Ohio-2426, which rejected identical claims. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 4} The original complaint in this case was filed in April, 2005, when A.S. was a twelve-year-old male. The complaint alleged that A.S. appeared to be delinquent because he had knowingly caused or had attempted to cause physical harm to Rebecca S., a family or household member. In addition, the complaint alleged that A.S. had previously admitted responsibility for, or had been adjudicated delinquent of, domestic violence in two cases, and that the current act was contrary to R.C. 2919.25(A), a felony of the third degree.
 {¶ 5} An attorney was appointed to represent A.S. as both guardian ad litem and legal counsel. In late April, 2005, A.S. appeared at a hearing before a magistrate and admitted that he knowingly caused or attempted to cause physical harm to Rebecca S., who was his mother. At the hearing, the State had offered to delete the reference to *Page 3 
one of the prior adjudications of violence, which would reduce the matter from a third-degree felony to a felony of the fourth degree, in exchange for an admission to the domestic violence complaint. A.S. agreed, and admitted to the conduct alleged in the complaint.
 {¶ 6} The magistrate placed A.S. on six months probation for the domestic violence complaint and ordered a suspended commitment to the Ohio Department of Youth Services (DYS) for a minimum period of six months and a maximum period of up to twenty-one years of age. The magistrate also found that A.S. could benefit from treatment at the Dora Lee Tate Youth Center, and ordered a thirty-day period of confinement at the youth center, with twenty of those days suspended. No objections were filed to the magistrate's decision, and no appeal was taken.
 {¶ 7} Subsequently, in July, 2005, the probation department filed another delinquent child complaint, based on an allegation that A.S. had been removed from his court ordered foster placement due to becoming verbally abusive toward his foster family.
 {¶ 8} In September, 2005, the court found that a violation had occurred, and ordered A.S. continued on probation through September, 2006. A.S. was also ordered to continue complying with probation conditions and with out-of-home placement at Visions for Youth. Again, no appeal was taken from this order.
 {¶ 9} In October, 2005, another delinquent child complaint was filed, alleging that A.S. had failed to return to Visions for Youth from a home visit, and a warrant was issued for his arrest. This complaint was dismissed in January, 2006, due to A.S.'s successful completion of placement at Visions for Youth. *Page 4 
 {¶ 10} Another delinquent child complaint was filed in late April, 2006, based on A.S.'s unexcused absences from school. A detention order was then issued in May, 2006, alleging as a basis a felonious assault, an assault, and a violation of a court order. An adjudicatory hearing was set on these matters for early July, 2006.
 {¶ 11} At the hearing in July, 2006, A.S. admitted to a probation violation of failing to attend school in exchange for the dismissal of the two newer cases of delinquency that had been filed. A.S. was informed that the court could send him to DYS or to a residential center or local facility. At the time, the court indicated that it was leaning toward residential treatment. However, the court said that if a residential option were not available, A.S. would likely be going to DYS. The court then reset the matter for a dispositional hearing.
 {¶ 12} Disposition was considered at a hearing held in early August, 2006. The court summarized the services that had been provided, and noted that none of the services had been successful in assisting A.S. and his family in keeping him out of trouble. In addition, the court found that no local treatment options were currently available. As a result, the court revoked its order of suspended commitment and ordered A.S. committed to DYS for a minimum period of six months and a maximum period up to A.S.'s twenty-first birthday. The order reflecting this decision was filed on August 7, 2006, and a timely notice of appeal was filed. That case was designated Montgomery County Court of Appeals Case No. 21782.
 {¶ 13} In November, 2006, A.S. filed a motion for leave to file a delayed appeal from the adjudications and commitments imposed in the case on May 3, 2005 and from all rulings of the trial court on all motions or objections of counsel. A.S. filed an affidavit *Page 5 
in support of the motion, stating that he was twelve years old when he was charged with and adjudicated delinquent for domestic violence. A.S. further indicated that he was only thirteen years old when he was committed to DYS. Among other things, A.S. stated that he did not understand his right to appeal, did not remember being informed of his right to appeal, and was not asked if he needed counsel to be appointed for appeal. This appeal was designated Montgomery County Court of Appeals Case No. 21911. In January, 2007, we granted A.S.'s motion to consolidate the two appeals and ordered that a single merit brief be filed for both appeals.
 {¶ 14} A.S. has also asked to supplement the record with the transcript of the hearing held on July 5, 2006. The transcript was filed with this court in February, 2007, and we filed an entry in April, 2007, accepting the transcript as filed.
 II {¶ 15} Before addressing the assignments of error, we will briefly discuss the motion for leave to file a delayed appeal. Based on a review of the transcripts of the various hearings, we find that the trial court did not advise A.S. of his right to appeal, which is required in certain instances by Juv. R. 34(J). Specifically, Juv. R. 34(J) provides that:
 {¶ 16} "At the conclusion of the hearing, the court shall advise the child of the child's right to record expungement and, where any part of the proceeding was contested, advise the parties of their right to appeal."
 {¶ 17} Based on the wording of the rule, courts have held that juvenile courts need not advise of the right to appeal where the child admits to the charge alleged in the *Page 6 
complaint. The reasoning is that the proceedings are no longer contested, due to the admission. See In re Kopnitsky (Sept. 30, 1999), Mahoning App. No. 96 CA 215, 1999 WL 803430, *5. In Kopnitsky, the appellate court also found that any error in failing to advise of the rights was harmless, since the appeal was before the court of appeals. Id.
 {¶ 18} In view of the reasoning in Kopnitsky, the trial court would not have been required to advise A.S. of the right to appeal because A.S. admitted to the matters alleged in the complaint. Nonetheless, one might argue that admitting to the matters at issue in the adjudicatory phase does not necessarily constitute an agreement to the trial court's decision during the disposition phase. The court might, therefore, need to advise juveniles of the right to appeal from the disposition. On the other hand, one could also argue that by admitting to the matters alleged in the complaint, the juvenile agrees to whatever disposition the trial court may make, since those matters are not contested issues, but are matters normally within the trial court's discretion.
 {¶ 19} Assuming for the sake of argument that the trial court need not have advised A.S. of his right to appeal, we still find that A.S. has satisfied the requirements for filing a delayed notice of appeal. App. R. 5(A) specifically allows motions for delayed appeal to be filed in delinquency proceedings. Consistent with App. R. 5(A)(2), A.S. filed a notice of appeal, a motion explaining the reasons for the failure to appeal, and an affidavit demonstrating good cause. Ignorance of the law typically does not automatically establish good cause. However, some latitude should be granted since A.S. was only twelve at the time of the original dispositional hearing. See State v. Reddick (1995),72 Ohio St.3d 88, 91, 647 N.E.2d 784, and State v. Brabant (Apr. 17, 1998), Mahoning App. No. 98 CA 37, 1998 WL 201459, *1 (discussing good cause for *Page 7 
motions to reopen and motions for delayed appeal).
 {¶ 20} Furthermore, A.S. did timely appeal from the revocation of the suspended commitment and the commitment to DYS. Accordingly, this matter was already properly before us and the State will not be prejudiced by the delayed appeal. The motion for leave to appeal is, therefore, granted.
 III {¶ 21} A.S.'s First Assignment of Error is as follows:
 {¶ 22} "THE MONTGOMERY COUNTY JUVENILE COURT VIOLATED R.C. 2919.25, R.C. 2901.08, AND * * * [A.S.'s] RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN IT ADJUDICATED HIM DELINQUENT FOR DOMESTIC VIOLENCE, A FELONY OF THE FOURTH DEGREE IF COMMITTED BY AN ADULT (A-2)."
 {¶ 23} Under this assignment of error, A.S. contends that the juvenile court erred by applying the felony enhancement provisions in R.C.2919.25 to a juvenile charged with domestic violence in juvenile court. In this regard, R.C. 2919.25 provides that:
 {¶ 24} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 25} "* * *
 {¶ 26} "(D)(1) Whoever violates this section is guilty of domestic violence.
 {¶ 27} "* * * *Page 8 
 {¶ 28} "(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree * * *."
 {¶ 29} A.S. argues that juveniles should not be subject to felony enhancement based on a prior adjudication of delinquency because juveniles are not charged with "crimes," are not "convicted," and do not face "sentences." We recently rejected an identical argument in the case of In re M.A.L., Miami App. No. 06-CA-36, 2007-Ohio-2426.
 {¶ 30} Like A.S., the juvenile in M.A.L. was charged with domestic violence and had two prior domestic violence adjudications. 2007-Ohio-2426, at ¶ 3. This raised the level of the felony to a third-degree felony. Id. After finding the juvenile delinquent, the trial court committed the juvenile to DYS for a minimum period of six months to a maximum period ending on the juvenile's twenty-first birthday. Id.
 {¶ 31} On appeal, the State relied on two statutes relating to prior delinquency adjudications. The first, R.C. 2901.08(A), allows an adult's prior delinquency adjudications to be considered as convictions for purposes of determining the proper charge and sentence for an adult. We rejected the application of this statute because the legislature intended R.C. 2901.08(A) to apply only to adult offenders, not to juveniles who had prior delinquency adjudications. Id. at ¶ 10. We also stressed that:
 {¶ 32} "it is not necessarily important, in the context of the delinquency adjudication itself, whether the juvenile's conduct would be a felony or a misdemeanor if *Page 9 
his acts were committed by an adult. The Revised Code defines a `delinquent child' to include `[a]ny child * * * who violates anylaw of this state * * * that would be an offense if committed by an adult.' R.C. § 2152.02(F)(1) (emphasis added); see also R.C. §2151.011(B)(12). `Therefore, it is not relevant to the finding of delinquency whether the actions of [a juvenile] would have constituted a felony or a misdemeanor if committed by an adult.' In re Russell (1984),12 Ohio St.3d 304. Because M.A.L.'s violation of `any law' allowed the trial court to adjudicate him delinquent, we find no prejudice resulting from the trial court designating his conduct a third-degree felony during the adjudicatory phase. Regardless of whether M.A.L.'s actions constituted felony or misdemeanor-level domestic violence, the trial court did not err in adjudicating him delinquent." 2007-Ohio-2426, at ¶ 11.
 {¶ 33} The same reasoning applies to the present case, because it is indistinguishable from M.A.L. in all relevant aspects. InM.A.L., we went on to conclude that the trial court was entitled to decide during the dispositional hearing that the juvenile's conduct constituted a third-degree felony if committed as an adult and to commit the juvenile to DYS on that basis. In this context, we applied R.C.2152.16(C), which was the second statute relied on by the State inM.A.L. We noted that under R.C. 2152.16(C):
 {¶ 34} "`If a child is adjudicated a delinquent child, at the dispositional hearing and prior to making any disposition pursuant to this section, the court shall determine whether the delinquent child previously has been adjudicated a delinquent child for a violation of a law or ordinance. If the delinquent child previously has beenadjudicated a delinquent child for a violation of a law or ordinance,the court, for purposes of entering *Page 10 an order of disposition of the delinquent child under this section,shall consider the previous delinquent child adjudication as aconviction of a violation of the law or ordinance in determining thedegree of the offense the current act would be had it been committed byan adult. * * *.' (emphasis added).
 {¶ 35} "The foregoing language allows a juvenile court, during the dispositional phase, to treat prior adjudications as convictions for purposes of determining the degree of offense the juvenile's current act would be if committed by an adult.
 {¶ 36} "In short, the trial court properly adjudicated M.A.L. delinquent because he violated `any law,' namely Ohio's domestic violence statute. Moreover, for dispositional purposes, R.C. §2152.16(C) authorized the trial court to treat the current incident as a third-degree felony if committed by an adult and to make an appropriate disposition. Under R.C. § 2152.16(A), a juvenile may be committed to the Department of Youth Services after being adjudicated delinquent for committing an act that would be a felony if committed by an adult. M.A.L. was adjudicated delinquent for domestic violence, and the trial court determined that his conduct would be a third-degree felony if committed by an adult. Therefore, M.A.L. properly was adjudicated delinquent for committing an act that would be a felony if committed by an adult, as required by R.C. § 2152.16(A)." 2007-Ohio-2426, at ¶ 13-15.
 {¶ 37} The only difference between A.S. and the juvenile inM.A.L. is that one of the prior adjudications of A.S. was redacted as the result of a plea bargain. This means that A.S. was guilty of conduct constituting domestic violence, a felony of the fourth degree if committed by an adult. In contrast, the juvenile in M.A.L. had two prior adjudications, and would have been guilty of a felony of the third degree, if the conduct *Page 11 
had been committed by an adult. However, this is a distinction without a difference, because R.C. 2152.16(A)(1) allows a juvenile court to commit a child to the legal custody of DYS for secure confinement if the child is "adjudicated a delinquent child for committing an act that would be a felony if committed by an adult." The statute does not specify a certain degree of felony; it simply says "a felony" — meaning any felony.
 {¶ 38} R.C. 2152.16(A)(1) does contain subsections (a) through (e), which list various felonies and permitted terms of secure commitment at DYS for each felony. As pertinent to both M.A.L. and the present case, subsection (A)(1)(e) provides for the following term of secure confinement:
 {¶ 39} "For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult * * *, for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 40} Based on the statute, the permissible term of commitment under R.C. 2151.62(A)(1)(e) would be the same whether the felony in question was either of the third or of the fourth degree.. Accordingly, despite the fact that M.A.L. and the present case involve different degrees of felonies, M.A.L. is indistinguishable. We, therefore, approve and follow our prior decision in M.A.L.
 {¶ 41} The First Assignment of Error is overruled.
 IV {¶ 42} A.S.'s Second Assignment of Error is as follows:
 {¶ 43} "[A.S] * * * WAS DENIED HIS CONSTITUTIONAL RIGHT TO *Page 12 
EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION. (A-1-2)."
 {¶ 44} Under this assignment of error, A.S. contends that he was deprived of effective assistance of trial counsel when trial counsel failed to argue that R.C. 2919.25's felony enhancement provisions did not apply to juveniles, failed to object to A.S. `s adjudication of delinquency for a felony level offense, and failed to file objections to the magistrate's decision. The only potential objection mentioned in connection with the magistrate's decision is to the finding of delinquency for a felony-level domestic violence offense.
 {¶ 45} In M.A.L, we rejected a similar claim of ineffective assistance of counsel. We noted that since the assignments of error on appeal lacked merit, it followed that trial counsel did not provide constitutionally ineffective assistance. 2007-Ohio-2426, at ¶ 19, citingStrickland v. Washington (1984), 466 U.S. 668, 104 S. Ct. 1052, 80 L.Ed.2d 674. We also note that A.S. has not been precluded from raising any issues on appeal, since we have considered the assignments of error. Accordingly, the Second Assignment of Error is overruled.
 V {¶ 46} All of A.S. `s assignments of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1