[Cite as *In re W.B.*, 2011-Ohio-4535.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: W.B.                            :

                                     :               C.A. CASE NO. 24314

                                     :              T.C. NO. 20102995-01

                                     :         (Civil appeal from Common Pleas Court, Juvenile Division)

                                     :

                                     :

. . . . . . . . .

**O P I N I O N**

Rendered on the   9th   day of   September  , 2011.

. . . . . . . . .

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee State of Ohio

GLEN H. DEWAR, Atty. Reg. No. 0042077, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant W.B.

. . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of W.B., filed October 28, 2010. On April 8, 2010, W.B. was alleged to be a delinquent child by way of Complaint in the Juvenile Division of the Montgomery County Court of Common Pleas, for the act of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, along with a firearm specification. The juvenile court appointed counsel to represent W.B. and also appointed a guardian ad litem to protect W.B.'s interests. W.B. was placed in detention.

{¶ 2} On April 22, 2010, pursuant to a plea agreement, W.B. pled guilty to aggravated robbery with a gun specification in exchange for the dismissal of a second pending aggravated robbery complaint with an attendant gun specification, and also in exchange for the dismissal of a probation violation notice.

{¶ 3} W.B. asserts two assignments of error herein. His first assignment of error is as follows:

{¶ 4} "THE LOWER COURT VIOLATED W.B.'S RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND JUVENILE RULE 29(D) BY ACCEPTING W.B.'S ADMISSION TO AGGRAVATED ROBBERY WITH A GUN SPECIFICATION WITHOUT FIRST DETERMINING THAT W.B.'S ADMISSION WAS KNOWING, INTELLIGENT, AND VOLUNTARY."

{¶ 5} According to W.B., while the juvenile court explained to him the nature of the allegations and the consequences that W.B. was facing, the court failed to ask W.B. whether he was making his admission voluntarily, and also failed to advise W.B. of his right to introduce evidence at an adjudicatory hearing.

{¶ 6} "This state's courts have construed Juv.R. 29(D) as being 'similar to' or

'analogous to' Crim.R. 11(C)(2). (Citations omitted) The Ohio Supreme Court has required only 'substantial compliance' with Crim.R. 11(C)(2) before a trial court properly accepts a guilty plea. (Citation omitted). Consequently, Ohio's appellate courts have declared 'substantial compliance' with Juv.R. 29(D) equally sufficient when a trial court accepts a juvenile's admission. (Citations omitted). However, 'the failure of the juvenile court to substantially comply with Juv.R. 29(D) has the same prejudicial effect as does failure to comply with CrimR. 11(C)(2), necessitating a reversal of the adjudication so that the juvenile may plead anew.' (Citations omitted)." *In re Hendrickson* (1996), Greene App. No. 95-CA-84, 114 Ohio App.3d 290, 292-293. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 113.

{¶ 7} Juv.R. 29(D) provides as follows:

{¶ 8} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

{¶ 9} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

{¶ 10} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

{¶ 11} "* * * ."

{¶ 12} At issue is whether the Juvenile Court Judge's colloquy demonstrates substantial compliance with the requirements of Juv.R. 29(D). Based upon our review of the hearing transcript, we conclude it does.

{¶ 13} The following exchange occurred after the judge recited the terms of the plea agreement into the record:

{¶ 14} "THE COURT: * * * I need to make sure you understand what your constitutional rights are.

{¶ 15} "You always have the right - - in addition to having an attorney with you in court, you have the right to always remain silent.

{¶ 16} "You have the right to have this matter set for trial. Each one of these different aggravated robberies could be set for trial, and if there were trials on these cases, the State would have to prove beyond a reasonable doubt that you are responsible of these charges.

{¶ 17} "Your attorney would have the right to cross-examine any State witness as well as subpoena people to testify if they wouldn't come in voluntarily, people who you would want to come in to testify.

{¶ 18} "Do you understand those different constitutional rights that you have?

{¶ 19} "[W.B.]: Yes, Your Honor.

{¶ 20} "THE COURT: Do you realize that if you want to go forward today, you need to waive, or give up, those constitutional rights?

{¶ 21} "[W.B.]: Yes, Your Honor.

{¶ 22} "THE COURT: And are you willing to give up those constitutional rights today?

{¶ 23} "[W.B.]: Yes, Your Honor.

{¶ 24} "THE COURT: Has anyone forced you or threatened you to give up those rights?

{¶ 25} "[W.B.] No."

{¶ 26} The court then explained the nature of the allegations and "possible dispositions," and ascertained W.B.'s understanding thereof. The court then asked counsel for W.B.,

{¶ 27} "* * * Do you believe he understood and proeprly and voluntarily waived his constitutional rights?" Counsel for W.B. responded that he believed W.B. understood his rights and the waiver thereof, and he indicted to the court that he had reviewed W.B.'s rights with him and the waiver thereof. The court then asked counsel for W.B. if he believed W.B.'s admission was voluntary, and counsel responded in the affirmative. The court then asked the same questions of the Guardian ad Litem, who responded in the affirmative. Finally, the court accepted W.B.'s admission and noted, "I believe he's made a voluntary admission, understanding the plea agreement and the benefits his attorney has been able to accomplish on his behalf."

{¶ 28} We agree with the State that the juvenile court complied with Juv.R. 29 (D). The court advised W.B. that he had the right to compel witnesses and cross-examine the State's witnesses, and W.B. indicated that he understood his constitutional rights. The court ascertained that W.B. was willing to give up his rights, and it further ascertained that W.B. had not been forced or threatened to give up his rights. Under the totality of the circumstances, including the thorough

colloquy with W.B., we cannot agree with W.B. that the juvenile court failed to determine that W.B.'s admission was voluntary, or that the juvenile court failed to advise him of his right to introduce evidence.

{¶ 29} W.B.'s first assigned error is overruled.

{¶ 30} W.B.'s second assigned error is as follows:

{¶ 31} "THE LOWER COURT VIOLATED JUV.R. 34(J) BY FAILING TO ADVISE APPELLANT OF HIS RIGHT TO RECORD EXPUNGEMENT."

{¶ 32} Juv.R. 34(J) provides in relevant part, "At the conclusion of the [dispositional] hearing, the court shall advise the child of the child's right to record expungement * * * ."

{¶ 33} Having reviewed the transcript,  we agree with W.B. that the trial court failed to comply with Juv.R. 34(J) and advise him of his right to have his record expunged at a later date.  "Juv.R. 34(J) provides that the court *shall* advise the child of this right and, as such, the requirement on the court is mandatory.  However, the question remains as to what is the proper remedy for this violation.  The error occurred at the dispositional hearing * * * and, as such, it is apparent that the juvenile court's failure to so advise appellant did not in any way impact upon appellant's admission * * *.  As such, this court finds that the proper remedy is to remand this matter to the juvenile court so that the court can bring appellant before it and properly advise him of his right to have his record expunged at a later date."  *In re Hairston* (Aug. 15, 1996), Franklin App. No. 96APF02-123.

{¶ 34} W.B.'s second assignment of error is sustained.  The judgment of the juvenile court is affirmed; however, this matter is remanded, pursuant to App.R. 27,

to the juvenile court so that the court can bring W.B. before it and properly explain to him his rights to have his record expunged at a later date as required by Juv.R. 34(J).

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Laura M. Woodruff
Glen H. Dewar
Hon. Anthony Capizzi