[Cite as *State v. Camacho*, 2014-Ohio-492.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99712**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELIAS CAMACHO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-563517 and CR-567583

**BEFORE:** E.T. Gallagher, J., Stewart, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**ATTORNEY FOR APPELLANT**

Jerome Emoff
55 Public Square, Suite 950
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Erin Stone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Elias Camacho ("Camacho"), appeals the sentence he received for a third-degree burglary conviction. We find no merit to the appeal and affirm the trial court's judgment.

{¶2} In June 2012, Camacho was indicted on multiple counts in two separate cases. In CR-563517, Camacho was charged with burglary, theft, receiving stolen property, possession of criminal tools, and criminal trespass. The burglary charge was a second-degree felony. In CR-567583, Camacho was charged with burglary, motor vehicle theft, and theft. The burglary charge in this case was also a second-degree felony.

{¶3} In August 2012, at defense counsel's request, the court referred Camacho for a mental health evaluation to determine whether he was eligible for transfer to the Mental Health Developmental Disability Court ("mental health docket"), formerly known as "the Mental Health Court Docket." The court's journal entry dated August 14, 2012, states in relevant part:

> Pretrial continued * * * at the request of defendant. Reason for continuance: Defendant may be eligible for mental health court docket[.] Defendant is referred to court psychiatric clinic * * * in accordance with the provisions of the Ohio Revised Code, 2947.06(B) * * * for the purpose of determining the disposition of the case: eligibility for transfer to the mental health court.

Although the docket does not reflect that a mental health evaluation for transfer eligibility was completed and/or addressed, Camacho remained on the regular docket.[1]

{¶4} On October 4, 2012, Camacho pleaded guilty in CR-563517 to Count 1, which alleged burglary as a second-degree felony and was amended to burglary as a third-degree felony. The remaining counts were dismissed. On January 26, 2013, Camacho pleaded guilty in CR-567583 to all counts in the indictment, including burglary, a second-degree felony. After receiving a presentence investigation report ("PSI") in February 2013, the court sentenced Camacho to two years in prison for the burglary count in CR-563517. The court sentenced Camacho to four years in CR-567583 and ordered the two sentences to be served consecutively. Camacho now appeals and raises two assignments of error.

**Mental Health Evaluation**

{¶5} In the first assignment of error, Camacho argues his case should be remanded to the trial court with instructions to comply with R.C. 2947.06 so that the trial court may give "due consideration to the results of the [mental] evaluation *in terms of his sentence.*" (Emphasis added.)

{¶6} R.C. 2947.06(B) governs testimony in mitigation of sentence, PSI reports, and psychological reports completed for sentencing purposes. R.C. 2947.06(B) authorizes a court, in its discretion to appoint up to two psychologists or psychiatrists "to make reports concerning the defendant that the court requires for the purpose of

---

[1] The Cuyahoga County Common Pleas Court's psychiatric clinic maintained a copy of the evaluation that was completed on Sept. 11, 2012.

determining the disposition of the case." The request for psychological reports for sentencing purposes is not mandatory. *State v. Ellis*, 8th Dist. Cuyahoga No. 98538, 2013-Ohio-1184, ¶ 43.

{¶7} If the court requests a psychological report pursuant to R.C. 2947.06(B), the psychologist's or psychiatrist's report must "be made in writing, in open court, and in the presence of the defendant, except in misdemeanor cases in which sentence may be pronounced in the absence of the defendant." Camacho contends that because the court never discussed Camacho's mental health evaluation regarding transfer eligibility on the record and in his presence, the court violated R.C. 2947.06(B).

{¶8} As previously stated, the trial court, through its journal entry dated August 14, 2012, referred Camacho for a mental health evaluation to determine his eligibility for transfer to the mental health docket. Despite the trial court's reference to R.C. 2947.06(B) in its journal entry, Local Rule 30.1 of the Court of Common Please of Cuyahoga County, General Division, governs the assignment of criminal defendants to the mental health docket. Pursuant to Loc. R. 30.1, the administrative judge may transfer a criminal defendant from the regular docket to the mental health docket, if a psychologist or psychiatrist determines the defendant is eligible for the mental health docket based on "a confirmed serious mental illness" or if the defendant "is developmentally disabled." The trial court never requested a psychological report for sentencing purposes.

{¶9} To be clear, R.C. 2947.06(B) applies only to psychological reports prepared for sentencing purposes. Indeed, this section is included in R.C. Chapter 2947, which governs final judgments and sentencing. To hold that the requirements of R.C.

2947.06(B) are applicable to mental health evaluations requested pursuant to Loc.R. 30.1 would place an inapplicable sentencing requirement on trial courts by requiring them to review evaluations completed for transfer eligibility at sentencing hearings where PSI reports, mitigation of sentence reports, victim impact statements, and the defendant's own statements provide the information necessary to fashion an appropriate sentence.

{¶10} The first assignment of error is overruled.

### Higher Tier Third-Degree Felonies

{¶11} In the second assignment of error, Camacho argues the trial court erred in sentencing him within the higher tier third-degree felony range because there was no evidence that Camacho had prior burglary convictions that would enhance his penalty. He contends the trial court violated his right to due process by improperly assuming that he qualified for higher tier third-degree felony sentencing because of his juvenile record.

{¶12} R.C. 2929.14(A)(3)(a) provides that, for certain third-degree felonies including burglary, "the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months * * * if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more" burglary charges. Otherwise, the prison term for a third-degree felony is capped at three years. R.C. 2929.14(A)(3)(b).

{¶13} In CR-563517, Camacho was convicted of burglary, a third-degree felony. At the plea hearing, the court advised Camacho that by pleading guilty to this charge he faced a potential penalty of one to five years in prison, due to his extensive juvenile record. Yet, the court only sentenced him to two years; a sentence that falls within the

lower tier punishment for a third-degree felony. Therefore, Camacho did not suffer any prejudice, even if the court had improperly considered his juvenile record.

{¶14} Moreover, the imposition of a sentence enhancement under R.C. 2901.08 based on a juvenile defendant's adjudication does not violate the defendant's due process rights. *State v. Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741, ¶ 25. *See also In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 107. Indeed, R.C. 2901.08(A) provides:

> If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, except as provided in division (B) of this section, the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.

{¶15} Here, the trial court considered Camacho's juvenile record, which was outlined in the PSI, when it selected Camacho's prison terms and imposed consecutive sentences. Since Camacho was sentenced to a prison term within the lower tier range for third-degree burglary felonies, he suffered no prejudice.

{¶16} Accordingly, we overrule the second assignment of error.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS WITH EILEEN T. GALLAGHER, J. AND WITH SEPARATE CONCURRING OPINION OF TIM McCORMACK, J.; TIM McCORMACK, J., CONCURS WITH SEPARATE CONCURRING OPINION ATTACHED.

TIM McCORMACK, J., CONCURRING:

{¶18} I concur fully with the clearly written majority opinion. I write separately to respectfully address an omission that does not reflect best practice in the local procedures.

{¶19} The trial court properly prepared a pretrial journal entry issued on August 14, 2012, which reads that a referral was made for a mental health evaluation to determine whether Camacho was eligible for the mental health court docket. Mental health referrals can be made at several key times in a trial. Whether the mental health referral is made early in the pretrial phase, as in this case for 1) the purposes of determining whether the accused should be transferred to the mental health docket, or to 2) determine competency to stand trial, or occurs later in the trial for sentencing disposition, at each stage, the court's determination of the mental health status of the accused, based on the evaluation, should be part of the formal record. We as a

reviewing court are left to question whether the journal silence of the outcome of an evaluation was purposeful or an oversight. Either way, the triggering of the central question of a defendant's state of mental health needs a response through an open court journalization.

{¶20} Loc.R. 30.1 of the Court of Common Pleas of Cuyahoga County, General Division, does not require an open court response to an initial journalized order calling for a mental health evaluation. Conversely, R.C. 2947.06(B), which guides the trial court's approach for a mental health evaluation prior to disposition of a case, mandates that the end result of this report be made in open court, prior to the imposition of penalties. To ensure best practice, a thorough and fair process, and to satisfy the question of a defendant's mental health status, a reviewing court should be able to clearly know the finding of the mental health evaluation mandated in the original journalized order.

{¶21} Whether the parties through the trial court, or the court on its own initiative, requests a determination of mental health status, such a request signals the turning on of a yellow if not red light. R.C. 2947.06(B) mandates an open court answer to the mental health status question once journalized. That approach, regardless of the stage of trial, would serve justice well. We are now inconsistent in our mental-health-based procedures.