[Cite as *State v. Smith*, 2014-Ohio-3511.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25916 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-1954 |
| v. | : | |
| | : | |
| COLBY E. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of August, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. 0080433, Post Office Box 137, Dayton, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Colby E. Smith appeals from his conviction and sentence on one count of

burglary, a second-degree felony.

{¶ 2}    In his sole assignment of error, Smith contends the trial court erred in finding him ineligible for community control due to prior juvenile delinquency adjudications.

{¶ 3}    The record reflects that Smith pled no contest to the burglary charge. Before entering his plea, however, he argued that two prior juvenile-delinquency adjudications did not make a prison sentence mandatory. The trial court disagreed. Based on the prior adjudications, which would have been first-degree-felony aggravated robbery convictions if committed by an adult, it found that he was ineligible for community control and that a prison sentence was mandatory. (Tr. at 4-5). In light of Smith's record, the trial court also stated that it would impose a prison sentence even if not mandatory. (*Id*. at 5). Smith then entered his no-contest plea. The trial court accepted the plea and found him guilty.   (*Id*. at 12-13). It imposed a mandatory three-year prison term. (*Id*. at 15).

{¶ 4}    Under R.C. 2929.13(F)(6), a trial court must impose a sentence of a mandatory prison term "if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony." The question we decide is whether this statute encompasses prior juvenile adjudications. Smith's appellate argument involves the meaning of R.C. 2901.08, which provides in relevant part:

> (A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be

imposed upon the person relative to the conviction or guilty plea.

**{¶ 5}** Relying on R.C. 2901.08(A), the trial court reasoned that Smith's two prior juvenile adjudications made a prison term mandatory under R.C. 2929.13(F)(6). Smith disagrees with this conclusion. He argues:

> * * * R.C. 2901.08 should be limited in its application to situations where the prior adjudication (1) identifies the subsequent offense, and (2) defines an enhanced penalty. If application of R.C. 2901.08 does not fulfill both functions, it should not be applied. The identification of the charge herein is Burglary, a felony of the 2nd degree, and is totally independent of any prior adjudication of the Defendant. As a result, Defendant's juvenile adjudication should not be construed to be subject to R.C. 2901.08 and R.C. 2929.13(F)(6) to require mandatory sentencing.

(Appellant's brief at 4).

**{¶ 6}** Upon review, we find Smith's argument to be unpersuasive. He contends that a juvenile adjudication cannot be treated as a conviction under R.C. 2901.08(A) unless it enhances both the offense charged and the sentence imposed. We do not agree. The plain language of the statute provides that a prior adjudication is a conviction "for purposes of determining the offense with which the person should be charged and * * * the sentence to be imposed[.]" Here Smith's prior adjudications did not directly enhance the offense with which he was charged. Under R.C. 2901.08(A), however, we see no reason why they would not qualify as convictions for purposes of determining the sentence to be imposed. We do not read the statute as requiring that a juvenile adjudication can be considered as a conviction only if it impacts both the offense charged *and* the

sentence imposed. *Cf. State v. Prether*, 141 Ohio App.3d 6, 8, 749 N.E.2d 796 (2d Dist.2001) (recognizing that R.C. 2901.08(A) "permits juvenile delinquency adjudications to be used in considering the crime to be charged or the sentence to be imposed"); *State v. Camacho*, 8th Dist. Cuyahoga No. 99712, 2014-Ohio-492, ¶ 14-15 (applying R.C. 2901.08(A) and treating a defendant's prior delinquency adjudications as convictions that enhanced his sentence even though they did not affect his offense).[1]

**{¶ 7}** Smith's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., concurs in judgment only.

DONOVAN, J., dissenting:

**{¶ 8}** I disagree. The rule of lenity codified in R.C. 2901.04(A) requires that a criminal sentencing statute "shall be strictly construed against the State and liberally construed in favor of the accused." This Court should attempt to give effect to every word, phrase, sentence and part of the statute and to avoid an interpretation that would restrict, constrict, qualify, narrow, *enlarge* or abridge the General Assembly's wording. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18. In my view, the majority's opinion enlarges the effect of R.C. 2901.08(A).

**{¶ 9}** R.C. 2901.08(A) speaks in terms of determining the offense with which an

---

[1] We are aware that neither *Prether* nor *Camacho* addressed the specific issue before us. The parties have not cited, and we have not found, any case law directly on point. We cite *Prether* and *Camacho* simply to point out that they are consistent with our reading of R.C. 2901.08(A). We also recognize that the issue before us is one of first impression about which there may be disagreement, and which is subject to repetition, which may eventually be resolved by the Supreme Court.

individual should be charged *AND* the sentence to be imposed. Thus, its application should be limited to felony enhancement statutes, such as Domestic Violence and OMVI. There is a distinction between an enhancement statute and a penalty enhancement provision under R.C. 2929.13(F)(6). The plain language of the statute, in my view, should be limited to situations where the prior adjudications essentially re-define the offense, e.g., elevate a misdemeanor to a felony. The effect of R.C. 2901.08(A) should be to redefine the new adult offense by degree. Smith's burglary charge was not elevated to a higher level offense by virtue of his prior adjudication(s) of delinquency. The adjudications do not act as an offense enhancement nor degree enhancement, but solely a penalty enhancement which is not contemplated by R.C. 2901.08(A). If the legislature had wanted to make prior adjudications of delinquency a basis to impose mandatory sentencing, it should have explicitly done so in both R.C. 2901.08(A) and R.C. 2929.13(F)(6). The use of OR instead of AND in R.C. 2901.08(A) arguably may have sufficed.

{¶ 10} As noted above, R.C. 2929.13(F)(6) which dictates imposition of a mandatory term for burglary in certain circumstances makes no reference to adjudications of delinquency constituting convictions. I recognize that R.C. 2929.12(D)(2) permits the judge to consider prior adjudications of delinquency in determining the sentence to be imposed, but this is a permissive use and not a mandatory one. R.C. 2929.12(D)(2) must be read in pari materia with R.C. 2901.08(A) and R.C. 2929.13(F)(6).

{¶ 11} The effect of a mandatory term for Smith, as a first time adult offender makes him ineligible for judicial release, furlough, earned credit and any Court recommendation for a Risk Reduction Sentence. In my view, this runs afoul of the historical and well-founded distinctions between the conduct of a juvenile and the conduct of an adult when considering an appropriate

sentence. A mandatory sentence deprived Smith of a fresh start upon reaching majority and limited the court's discretion with a first time adult offender.

{¶ 12} I would reverse and remand, finding a prison term is discretionary but not mandatory.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
April F. Campbell
Kirsten Knight
Hon. Mary K. Huffman