[Cite as *State v. Craver*, 2014-Ohio-3635.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

ANGELO M. CRAVER

       Defendant-Appellant


Appellate Case No.    25804

Trial Court Case No.   2012-CR-2835


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

ANGELO M. CRAVER, Inmate No. 685-713, 5900 B.I.S. Road, Lancaster, Ohio 43130
      Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Angelo M. Craver, appeals from his prison sentence received in the Montgomery County Court of Common Pleas following his guilty plea to one count of improperly discharging a firearm at or into a habitation.   Craver's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein she recites that she has found no potential assignments of error having arguable merit.   Counsel states one possible assignment of error, which we have considered.   After performing our duty under *Anders*, to review the record independently, we find no potential assignments of error having arguable merit.

{¶ 2}   On October 31, 2012, Craver was indicted in Case No. 2012-CR-2835 for improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161(A)(1), a felony of the second degree, with a three-year firearm specification.   On May 13, 2013, Craver pled guilty to improperly discharging a firearm, and the three-year firearm specification was dismissed pursuant to a plea agreement.   As a result of Craver's plea, the trial court imposed a mandatory three-year prison sentence and ordered the sentence to run concurrently with a 24-month prison sentence that Craver received in unrelated Case No. 2013-CR-1323.   The trial court advised Craver that his three-year prison term was mandatory due to the fact that he had a prior juvenile delinquency adjudication for an offense that if committed as an adult, would have been a felony of the first degree.   Specifically, in 2010, Craver was adjudicated a juvenile delinquent in Case No. JC 2010-5751 after he entered an admission to one count of aggravated robbery with a firearm, a felony of the first degree.

{¶ 3}   On June 26, 2013, Craver timely appealed from the trial court's sentence, and

was thereafter appointed appellate counsel. Craver's appellate counsel filed an *Anders* brief asserting one potential assignment of error. On December 5, 2013, this court notified Craver that he had 60 days to file a pro se brief assigning any additional errors for review. Craver did not file a pro se brief.

{¶ 4} As a preliminary matter, we note that in *Anders* cases we are charged with conducting a thorough examination of the record to determine "whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* at ¶ 8.

{¶ 5} Craver's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN FINDING THAT MR. CRAVER'S THREE YEAR PRISON SENTENCE WAS MANDATORY DUE TO A PREVIOUS JUVENILE ADJUDICATION AND VIOLATED MR. CRAVER'S RIGHTS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION.

{¶ 6} Under this assignment of error, Craver contends that the trial court erred in imposing a mandatory prison sentence based on his previous juvenile delinquency adjudication.

We note that the trial court imposed the mandatory sentence pursuant to R.C. 2901.08(A) and R.C. 2929.13(F)(6). "R.C. 2901.08(A) allows an adult's prior delinquency adjudications to be considered as convictions for purposes of determining the proper charge and sentence for an adult." *In re A.S.*, 2d Dist. Montgomery Nos. 27182 and 21911, 2007-Ohio-3434, ¶ 31; *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 8; *State v. Smith*, 2d Dist. Montgomery No. CA 25916, 2014-Ohio-3511, ¶ 3, 6 (holding that pursuant to R.C. 2901.08(A), the defendant's prior juvenile delinquency adjudications for aggravated robbery could be treated as convictions for purposes of determining the sentence to be imposed for a subsequent burglary conviction). "R.C. 2929.13(F)(6) * * * provides for a mandatory sentence when a defendant is convicted of a first-or second-degree felony and had 'previously [been] convicted of or pleaded guilty to * * * any first or second degree felony.' " *State v. Hawes*, 2d Dist. Montgomery No. 24986, 2012-Ohio-5409, ¶ 16, quoting R.C. 2929.13(F)(6).

{¶ 7} Here, Craver pled guilty as an adult to improperly discharging a firearm, a second degree felony, while having a prior juvenile adjudication for aggravated robbery, a first degree felony. Because his juvenile adjudication is deemed a conviction under R.C. 2901.08(A) and is also a first-degree felony, R.C. 2929.13(F)(6) requires the court to impose a mandatory prison sentence for improperly discharging a firearm. Craver does not dispute that this is the current state of the law; however, he argues that the provision in R.C. 2901.08(A) allowing the trial court to treat his juvenile adjudication as a conviction violates his Fifth, Sixth, and Fourteenth Amendment rights.

{¶ 8} Craver failed to raise this issue before the trial court, thereby waiving the issue for appeal. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus ("[f]ailure to

raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue * * *").   However, even if there is a clear waiver, such as there is here, an appellate court may still, in its discretion, "consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it."  *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.   (Other citation omitted.)

{¶ 9}    In *State v. Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741, the Eighth District Court of Appeals opted to review the constitutionality of R.C. 2901.08 despite the defendant's failure to raise the issue before the trial court.  *Id*. at ¶ 7.  Like Craver, the defendant in *Parker* argued that the application of R.C. 2901.08(A) violated his Fifth, Sixth, and Fourteenth Amendment rights.  *Id.* at ¶ 6.  Specifically, the defendant in *Parker* argued that despite the express language of R.C. 2901.08(A), juvenile delinquency adjudications are not convictions under Ohio law and therefore, do not fall within the "prior convictions" exception under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  *Parker* at ¶ 17.  "*Apprendi* establishes an adult criminal defendant's general right under the Fifth, Sixth, and Fourteenth Amendments to a jury finding beyond reasonable doubt of any fact used to increase the sentence for a felony conviction beyond the maximum term permitted by conviction of the charged offense alone."  *Id*., citing A*pprendi* at 490.

{¶ 10} The court in *Parker* explained that "[t]he majority of circuits, including the Sixth Circuit, has found that juvenile adjudications come within the [*Apprendi* prior-conviction] exception, and may be used to enhance adult sentences, even though they were not presented to a

jury." *Parker* at ¶ 20, citing *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir.2007). (Other citations omitted.) However, the juvenile adjudications must be "sufficiently reliable." *Id*. at ¶ 23, citing *Crowell* at 750. "Juvenile adjudications, where the defendant has certain due process rights, provide sufficient procedural safeguards to satisfy the reliability requirement that is at the heart of *Apprendi*." *Id.* at ¶ 24, citing *Crowell* at 750. (Other citations omitted.)

{¶ 11} Juv.R. 29(D) sets forth the requirements to ensure that minors are afforded their due process right to fundamentally fair treatment in juvenile court proceedings. *In re Miller*, 119 Ohio App.3d 52, 57, 694 N.E.2d 500 (2d Dist.1997); *In re Harris*, 104 Ohio App.3d 324, 662 N.E.2d 34 (2d Dist.1995). The rule provides that:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1)    The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2)    The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
>
> Juv.R. 29(D)(1)-(2).

"Strict compliance with this rule is preferable, but if a court substantially complies with the rule, the admission will be deemed valid absent a showing of prejudice or that the totality of the circumstances do not support a finding of a valid waiver." *In re T.A.*, 2d Dist. Champaign Nos. 2011-CA-28 and 2011-CA-35, 2012-Ohio-3174, ¶ 14, citing *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113. " 'For purposes of juvenile delinquency proceedings,

substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea.' " *In re W.B.*, 2d Dist. Montgomery No. 24314, 2011-Ohio-4535, ¶ 6, quoting *In re C.S.* at  ¶ 113.

{¶ 12} In *Parker* , the Eighth District found that the defendant's juvenile delinquency adjudication was reliable, as the court found "no indication that [the defendant] was not afforded appropriate due process in his juvenile adjudication." *Parker*, 8th Dist. Cuyahoga No. 97841, 2012-Ohio-4741 at ¶ 24. Therefore, the court concluded that the trial court did not violate the defendant's Fifth, Sixth, or Fourteenth Amendment rights when it used his prior juvenile adjudication to enhance his subsequent sentence. *Parker* at ¶ 25.

{¶ 13} In the present case, Craver claims that he was denied due process during his juvenile delinquency adjudication because he was not afforded the right to a jury trial nor made aware of the collateral consequences of his admission. We first note that there is no constitutional right to a jury trial for juvenile offenders. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶ 42, citing *McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 207 (1971). Accordingly, Craver was not denied due process on that basis.

{¶ 14} With respect to Craver's claim that the juvenile court did not make him aware of the collateral consequences of his admission, we note that trial courts are not obligated to inform a defendant of the collateral consequences of an admission or plea. *See State v. Rice*, 8th Dist. Cuyahoga No. 72685, 1999 WL 125742, *4 (Feb. 18, 1999) ("To argue the trial court has to inform defendant-appellant of all of the possible consequences of his plea is untenable. For example, the trial court does not have to inform defendant-appellant of all the 'effects' of his plea

such as the potential for losing his/her job, home, marriage, reputation or that his/her plea to a felony will deprive him/her the right to vote and/or possess a firearm"); *see also In re C.A.*, 2d Dist. Montgomery No. 23022, 2009-Ohio-3303, ¶ 56 (finding that sex offender registration and notification requirements are "collateral consequences" of an admission, and the failure to inform a juvenile of collateral consequences before accepting an admission does not render the admission invalid).

{¶ 15} As a further matter, we have reviewed the transcript of Craver's admission in juvenile court, and we find that it is in substantial compliance with Juv.R. 29(D), as the following discussion took place prior to the admission:

COURT: All right. And I have in front of me the admissions form which has a case number and name on it, as well as the offense and all the potential consequences with regards to this offense. And it appears to have been signed by Angelo [Craver], his mother, the Prosecutor and Mr. White [Craver's counsel]. Mom, do you believe that Angelo understands his rights?

CRAVER'S MOTHER: Yes.

COURT: Ok. And Mr. Rezabek, having appointed you as Guardian ad Litem, you had the opportunity to talk with Angelo with regards to his rights and his admission in this case?

GUARDIAN AD LITEM: Yes, Your Honor, I've had that opportunity. I've done it three times with him. And I've talk [sic] with his mother previously.

COURT: All right. Do you believe that he understands what it means to admit to this particular offense and what the potential consequences are?

GUARDIAN AD LITEM: Yes I do.

COURT: All right.   Angelo you want to come to the podium again?

CRAVER: Yes, sir.

COURT: Now, first of all, do you understand what we've been saying?

CRAVER: Yes, sir.

COURT: And you understand that entering an admission to the charge, the count one, a charge of delinquency by reason of aggravated robbery with a firearm specification, that admission means that you admit that the allegation is true, that it happened?

CRAVER: Yes, sir.

COURT: Do you understand that?

CRAVER: Yes, sir.

COURT: And when you do that, you give up your right to a trial, or adjudicatory hearing either in this court or the adult court, do you understand that?

CRAVER: Yes, sir.

COURT: And you understand that in this case, the potential for disposition in this case is up to three year gun specification and one year minimum – one to three year minimum on the aggravated robbery?

CRAVER: Yes, sir.

COURT: You understand that?

CRAVER: Yes, sir.

COURT: And understanding that, you will wish to enter an admission to the

charge?

CRAVER: Yes, sir.

COURT: All right. Now the last time we talked, it was very difficult for you to admit that your intention was to rob somebody with a gun.

CRAVER: Yes, sir.

COURT: You need to tell me what your intention was when this went down.

CRAVER: Okay. First, I would like to apologize for not being completely honest. But, my intention was to rob him.

COURT: And where did you get the gun?

CRAVER: I got it from a friend, because six months ago I came home and found somebody in my house. So – and then I was nervous and I didn't know anything else to do. And my mom don't believe in guns.

COURT: So, you were carrying this gun around. Did you keep it at the house or did you keep it somewhere else?

CRAVER: I keep it – I kept it at the house, but when I leave on weekends, I take it with me because I don't want my mom to find it.

COURT: She didn't know about it?

CRAVER: No, ma'am – no, sir.

COURT: Okay. So you've been able to admit to your mother that you were trying to rob this individual?

CRAVER: I didn't want to admit it to her, but she –

COURT: I know it. But, have you now?

CRAVER: Yes, sir.

COURT: Okay. The Court will accept the admission to count one. * * *

Trans. (Sept. 23, 2010), p. 3-6.

{¶ 16} Considering the record before us, we conclude that the juvenile court substantially complied with its obligations under Juv. R. 29(D). Accordingly, Craver was not denied due process during the proceeding, thus rendering the proceeding sufficiently reliable. Because Craver's juvenile adjudication was sufficiently reliable, we do not find that his constitutional rights were violated when the trial court used his prior juvenile adjudication to enhance his sentence in the present case.

{¶ 17} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with appellate counsel that there are no meritorious issues to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and HALL, J.,    concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Lori R. Cicero

Angelo M. Craver
Hon. Barbara P. Gorman